Filed 8/26/16  P. v. Givens CA3

**NOT TO BE PUBLISHED**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## THIRD APPELLATE DISTRICT

### (Sacramento)

----

| | |
|---|---|
| THE PEOPLE, | C079995 |
| Plaintiff and Respondent, | (Super. Ct. No. 14F04451) |
| v. | |
| FRANCOIS POINTIER GIVENS, | |
| Defendant and Appellant. | |

A jury convicted defendant Francois Pointier Givens of inflicting corporal injury on a cohabitant and assault with a deadly weapon.  The jury also found he had personally used a deadly or dangerous weapon.  On appeal, defendant contends his presentence credits must be recalculated because his convictions do not subject him to a 15 percent limit on presentence conduct credits.  He further contends a typographic error in the abstract of judgment must be corrected.  The People concede both points, and we agree.

1

## FACTUAL AND PROCEDURAL BACKGROUND

Defendant stabbed the victim multiple times with a screwdriver. He was convicted by jury of inflicting corporal injury on a cohabitant (Pen. Code, § 273.5, subd. (a)—count one)[1] and assault with a deadly weapon (§ 245, subd. (a)(1)—count two). As to count one, the jury found he had personally used a deadly or dangerous weapon. (§ 12022, subd. (b)(1).) And the court found defendant had suffered a prior strike.

The court imposed a 14-year aggregate term consisting of eight years on count one (the upper term, doubled for the strike); a one-year enhancement under section 12022, subdivision (b)(1); and a five-year prior serious felony enhancement under section 667, subdivision (a). The court also imposed a four-year term on count two but stayed execution of sentence under section 654.

The court awarded 410 days of presentence credit (357 actual, 53 conduct). In doing so, it noted, "There is the 15 percent limitation because this is a violent felony."

## DISCUSSION

### 1.0 Defendant Is Not Subject to the 15 Percent Limitation on Presentence Credit

Defendant first contends the trial court erroneously applied a 15 percent limit to his presentence conduct credit. He argues the limit does not apply because he was not convicted of a "violent felony." The People concede error, and we agree.

Under section 2933.1, a defendant convicted of a felony may not accrue more than 15 percent presentence conduct credit pursuant to section 667.5, which further defines "violent felony" as any offense listed in subdivision (c) of section 667.5. (§§ 2933.1, subd. (a), 667.5, subd. (c)(1)-(23).)

---

[1] Undesignated statutory references are to the Penal Code.

2

Here, neither of defendant's current offenses constitutes a violent felony under section 667.5. Nor does his use of a deadly or dangerous weapon elevate either of his crimes to a violent felony. Accordingly, section 2933.1 does not apply, and defendant may accrue presentence conduct credits under section 4019.

The parties agree that under section 4019, defendant is entitled to 713 days of presentence credit (357 actual, 356 conduct). We will modify the judgment accordingly.

**2.0     The Abstract of Judgment Must Be Corrected**

Defendant also contends a typographical error in the abstract of judgment must be corrected. We agree. At sentencing, the court imposed a $382.22 booking fee. Yet the abstract of judgment reflects a $383.33 booking fee. We will order *a corrected* abstract of judgment.

## DISPOSITION

The judgment is modified to award defendant 713 days of presentence credit (357 actual, 356 conduct). The trial court is directed to prepare an amended and corrected abstract of judgment reflecting (1) the modified award of presentence credit pursuant to section 4019 and (2) the imposition of a $382.22 booking fee. The trial court is further directed to forward a certified copy to the Department of Corrections and Rehabilitation. As modified, the judgment is affirmed.

        BUTZ        , Acting P. J.

We concur:


     HOCH       , J.


     RENNER     , J.

3